UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL WILDER, | ) | CASE NO.: 4:08CV2381 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| J.T. SHARTLE, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on a petition filed by Daniel Wilder pursuant to 28 U.S.C. § 2241.  In his petition, Wilder asserts that Respondent, Warder Shartle, has improperly denied him eligibility for early release upon successful completion of the Residential Substance Abuse Program.  Upon due consideration, the Court finds no merit in the petition.  Therefore, it is ordered that the petition is hereby DENIED.

**I.     Facts**

On March 4, 2008, Wilder was sentenced on one count of distribution of cocaine.  Wilder received a two-level enhancement under the sentencing guidelines for possession of a firearm.  In July of 2008, Wilder received notice that he would be provisionally eligible to enter Residential Substance Abuse Program.  The provisional eligibility meant that Wilder would not be eligible for a sentence reduction upon successful completion of the program.

Following that response, Wilder filed the instant § 2241 petition.  In his petition, Wilder

contends that the BOP regulation used to deny him early release was improperly issued without the proper notice and comment period. Wilder further contends that the final rule issued cannot be enforced because it is arbitrary and capricious.

## II.     Law and Analysis

Wilder concedes in his petition that he has not exhausted his administrative remedies. However, as the petition is clearly lacking in substantive merit, the Court will simply address the merits at this time.

In 1994, Congress passed legislation directing the BOP to make substance abuse treatment programs available to federal inmates. To encourage inmates to participate, the statute provided as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

> In 1995, to implement this statute, the BOP promulgated regulations and a program statement. The initial policy was to define the otherwise nonviolent crimes of inmates with sentencing enhancements for possession of a firearm as "violent offenses" ineligible for early release under the statutory language. Numerous court challenges ensued, and conflicting case law developed from various federal appellate courts regarding the BOP's initial policies.
>
> Presumably in response, the BOP published on October 9, 1997, a new version of its early release regulation, often referred to as the "interim rule." *See* 28 C.F.R. § 550.58(a)(1)(vi)(B). The revised version reflected that the Director of the BOP had exercised discretion to deny early release eligibility for certain offenders, including those whose offense was a felony involving a firearm or other dangerous weapon. *Id.* A revised BOP Program Statement (PS), PS 5162.04, Categorization of Offenses, was developed at the same time, which respondents describe as mirroring the interim rule. Under PS 5162.04, an inmate serving a sentence for specific convictions with a sentencing enhancement for possession of a firearm is still precluded from receiving certain BOP program benefits, including early release eligibility.

>On December 22, 2000, the 1997 interim rule became the "final agency rule," following a very lengthy notice and comment period.

*Abernathy v. Terrell*, 455 F.Supp.2d 1226, 1227-28 (D.Kan. 2006) (footnote omitted).

Wilder first relies upon precedents that establish that the BOP violated the Administrative Procedure Act when it adopted regulations and a program statement implementing 18 U.S.C. § 3621(e)(2)(B).  *See, e.g., Bohner v. Daniels,* 243 F.Supp.2d 1171 (D.Or. 2003), *aff'd Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005).  Wilder also attached to his petition an unpublished decision reaching the same result under the 1997 rule.  *See* Doc 1-2, *Hobbs v. Hemingway*, Case No. 04CV70678 (E.D.Mich. July 16, 2004).  Wilder, however, ignores that his ineligibility was not determined under the interim 1997 rule that was found invalid by these courts.  Instead, his ineligibility was determined under the final rule issued in 2000.  Other courts have explained the significance of this distinction.

For example, the Tenth Circuit has held that "federal prisoners found ineligible for reduction in sentence under the BOP's 2000 'final version' of its early release regulation, and not the 1997 'interim regulation' which they questioned on notice and comment grounds, were not entitled to habeas corpus relief."  *Abernathy*, 455 F.Supp.2d at 1228 (citing *Miller v. Gallegos*, 125 Fed. Appx. 934, 936 (10th Cir. 2005)).  The Court agrees with the rationale in these cases.  Any defect in notice and comment with respect to the interim rule was cured by the lengthy notice and comment period that accompanied the final rule.  Consequently, the initial cases cited by Wilder provide no support for granting his petition.

Second, Wilder relies upon *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).  Wilder is correct that *Arrington* held that the final rule issued by the BOP was invalid as an arbitrary exercise of its discretion.  However, Wilder ignores that his argument regarding the alleged arbitrariness of the final rule has been expressly rejected by the Sixth Circuit.

> The district court denied the petition for a writ of habeas corpus on the ground that the Bureau of Prisons could categorically exclude from the drug treatment sentence reduction program those inmates whose crime was related to firearms. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. § 550.58(a)(2000). The Supreme Court has now decided the case of *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), and the Court held that such a categorical exclusion is proper for inmates who received a sentence enhancement for possessing, carrying, or using a firearm. *Id*. at 719, 724.
>
> Harrison argues that *Lopez* merely held that the Bureau had the authority to deny a sentence reduction, but the Court did not address whether the Bureau's actions were arbitrary and discriminatory. This argument is not well-taken. In *Lopez*, the Supreme Court expressly held that the Bureau's decision to exclude the category of inmates into which Harrison falls was a reasonable decision. *Lopez*, 121 S.Ct. at 724. *Lopez* does directly control the decision in this case.

*Harrison v. Lamanna*, 19 Fed. Appx. 342, 2001 WL 1136080 (6th Cir. 2001). Consequently, Wilder's contention that the final rule is arbitrary lacks merit.

### III.    Conclusion

Having found no merit in the grounds raised by Wilder, the Court orders that the Petition be DENIED. The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.

October 30, 2008                                              */s/ John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT JUDGE